UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRITAIN ALEXANDER,<br><br>        Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>        Defendant. | Case No.: 1:20-cv-4041<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL**<br><br>  1.  **FCRA, 15 USC §1681** *et seq.* |

Plaintiff Britain Alexander, ("Plaintiff"), through her attorneys, alleges the following against Defendant Trans Union, LLC ("Trans Union"):

## INTRODUCTION

This is a one-count complaint based on violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681e(b), which requires credit reporting agencies to assure maximum possible accuracy of the information they report to consumer credit files.

## JURISDICTION AND VENUE

1. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681.

2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district

1

3. Defendant transacts business here; as such, personal jurisdiction is established.

## PARTIES

4. Plaintiff Britain Alexander is a natural person residing in the city of Chicago in Cook County, Illinois.

5. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c).

6. Defendant Trans Union is a credit reporting agency, as defined in 15 U.S.C. § 1681a(f)). On information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC 1681a(d), to third parties. Trans Union's principal place of business is located at 555 West Adams Street, Chicago, Illinois 60661.

7. Upon information and belief Trans Union disburses consumer reports to third parties under contract for monetary compensation.

6. At all relevant times, Defendant acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

7. On or about October 8, 2019, Plaintiff filed for a voluntary bankruptcy under Chapter 7 of Title 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Norther District of Illinois, case number 19-28648.

8. Plaintiff was discharged from her Chapter 7 bankruptcy on or about January 15, 2020.

2

9. Plaintiff was eager to begin working on improving her credit following her bankruptcy and obtaining her "fresh start."

10. On or about January 17, 2020, after the discharge of Plaintiff's bankruptcy, Plaintiff opened an unsecured installment account with Fig Loans (the "Fig Account"), Account No. EL45**** in order to rebuild her credit.

11. On or about May 13, 2020, Plaintiff obtained her non-party Experian and Trans Union consumer credit reports to make sure the bankruptcy reporting was accurate.

12. On or about May 27, 2020, Plaintiff obtained her non-party Equifax consumer credit report to make sure the bankruptcy reporting was accurate.

13. Plaintiff discovered that Trans Union was reporting her Fig Loans Account as included in bankruptcy, when the account was not in fact discharged in her bankruptcy.

14. Trans Union's reporting of the Fig Account included contradictory information; for example, the "Date Opened" was correctly listed as January 17, 2020 while the "Date Closed" was incorrectly listed as October 8, 2019. This is impossible as the "Date Closed" could not have occurred before the "Date Opened". The Account also reported positive payment history for the months of January and February 2020 (after the discharge).

15. The Fig Account could not have been included in the Plaintiff's bankruptcy when the Fig Account was opened on January 17, 2020, which was after Plaintiff's October 2019 bankruptcy filing date.

16. Trans Union did not report the Account accurately despite reporting the bankruptcy filing and discharge in the public records section as of January 2020 and knowing the date of the bankruptcy discharge.

17. Non-parties Equifax and Experian accurately reported the Account as open and not discharged through the bankruptcy.

18. Defendant knew or had reason to know that its reporting of the Accounts was inaccurate because it was properly reporting Plaintiff's bankruptcy as filed on October 8, 2019 and discharged on January 15, 2020 in the Public Records section.

19. Upon information and belief, Experian, Equifax, and Trans Union proactively sought out and paid for Plaintiffs' Public Record bankruptcy information in order to post it to their credit reports. The CRA's have been conducting such inquiries via third party vendors for many years and search daily for all U.S. consumer bankruptcy filings with the purpose of reporting them to consumers' credit reports.

20. Defendant does not maintain reasonable procedures to ensure the accurate reporting of accounts that were discharged in bankruptcy and those that were not, despite having access to, and obtaining the public records needed to verify this information.

21. Defendant is reporting Plaintiff's Fig Account as included in bankruptcy while the account sctually remains open with positive history , thereby damaging Plaintiff's credit score.

22. Defendant's reporting is particularly aggravating of Plaintiff's damages because Defendants inaccurate reporting damaged Plaintiff's credit, which she is attempting to rebuild after bankruptcy.

23. This caused Plaintiff stress and anxiety about her credit reputation and a belief that she may never be able to rebuild her credit.

24.     Upon information and belief, Plaintiff applied for credit with Target, Walmart, Bank of America, Best Buy, Amazon, and Victoria Secret and was denied due to Defendant's inaccurate reporting which was published to Target, Walmart, Bank of America, Best Buy, Amazon, and Victoria Secret in its review of Plaintiff's application.

25.     As a result of the conduct, actions, and inaction of Trans Union, the Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of credit, the loss of the ability to purchase and benefit from a line of credit, the loss of time and other frustration and aggravation associated with tracking and monitoring the status of her credit file, and the mental and emotional pain, anguish, humiliation, confusion, and embarrassment of credit denials.

## COUNT I

### Violations of the FCRA, 15 U.S.C. § 1681e(b)

26.     Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

27.     The FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

28.     Defendant reported Accounts as included in bankruptcy when those accounts were not included in Plaintiff's bankruptcy.

29.     Defendant violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the

Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff.

30. As a result of the above-described violations of § 1681e(b), Plaintiff has sustained damages including the loss of credit opportunities and favorable credit terms, emotional distress, humiliation, and mental anguish.

31. The violations by Trans Union were willful, rendering Trans Union individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent, which entitles the Plaintiff to recovery under 15 U.S.C. §1681o.

32. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from each in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Britain Alexander respectfully requests judgment be entered against Defendant for the following:

    A. Declaratory judgment that Defendant violated the FCRA;

    B. Actual damages pursuant to 15 U.S.C. § 1681n(a)(1) or § 1681o(a)(1);

    C. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1);

    D. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted this 9th day of July 2020.

By: */s/Syed H. Hussain*
Syed H. Hussain, Esq.
Bar Number: Illinois 6331378
Attorney for Plaintiff Britain Alexander
Price Law Group, APC
440 N. McClurg Ct. #803
Chicago, IL 60611
T: (818) 600-5535
F: (818) 600-5435
E: syed@pricelawgroup.com